**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-2074**

_____

MICHAEL SCOTT DAVIS; STETSON MANSFIELD WEBSTER,

Plaintiffs - Appellants,

v.

BRIAN RATLEDGE, in his official and individual capacity; JENNIFER BEDFORD, in her official and individual capacity; JULIE BELL, in her official and individual capacity; DAMION MCCULLERS, in his official and individual capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:24-cv-00440-FL)

_____

Submitted: July 23, 2026                               Decided: July 27, 2026

_____

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael Scott Davis and Stetson Mansfield Webster, Appellants Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, Michael Scott Davis and Stetson Mansfield Webster, appeal the district court's text order denying their Fed. R. Civ. P. 60(b) motion for reconsideration of the court's order dismissing Appellants' complaint for lack of subject matter jurisdiction.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *Davis v. Ratledge*, No. 5:24-cv-00440-FL (E.D.N.C. Aug. 7, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Appellants seek to appeal the underlying dismissal order, that order is not before us. The district court's dismissal order was entered on March 5, 2025, and Appellants filed their Rule 60(b) motion on July 7, 2005, more than 28 days later. *Cf. MLC Auto., LLC* v. *Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that motion filed within time for filing a Fed. R. Civ. P. 59(e) stays the appeal period, while one filed outside the time period does not). Therefore, the notice of appeal, filed on September 3, 2025, is timely only as to the order denying Appellants' Rule 60(b) motion. *See In re: Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (noting, in ruling on appeal from denial of Rule 60(b) motion, this Court "may not review the merits of the underlying order").